**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEONARD BURRES, JULES COOPER, JAMES MONAHAN, NINA MONAHAN, and WALTER NEIT, ) ) ) ) | Civil Action No. 2:04cv855 |
| Plaintiffs, ) | JUDGE DAVID S. CERCONE |
| v. ) | Document Filed Electronically |
| FEDERATED EQUITY MANAGEMENT COMPANY OF PENNSYLVANIA, et al., ) ) ) | |
| Defendants. ) ) | |
| GARY M. BAUER, ) ) | Civil Action No. 2:04cv702 |
| Plaintiff, ) | JUDGE DAVID S. CERCONE |
| v. ) | Document Filed Electronically |
| FEDERATED EQUITY MANAGEMENT COMPANY OF PENNSYLVANIA, et al., ) ) ) | |
| Defendants. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**

Defendants Federated Equity Management Company of Pennsylvania, Federated

Securities Corp., Federated Advisory Services Company, Federated Administrative Services,

Federated Shareholder Services Company, Federated Services Company, Federated Global

Investment Management Corp., Passport Research II, Ltd., Passport Research I, Ltd., Federated

Investment Management Company, and Federated Investors, Inc. (collectively herein the

"Defendants"), by their undersigned attorneys, respectfully submit this Answer and Affirmative

Defenses to Plaintiffs' Consolidated Amended Complaint ("CAC") and state as follows:

## ANSWER

Defendants admit only that Plaintiffs purport to bring this action pursuant to Sections 36(b) and 48(a) of the Investment Company Act of 1940, as amended, 15 U.S.C. §§ 80a-35(b) and 80a-47(a).  Defendants deny any breach of fiduciary duty or other unlawful conduct alleged in the CAC and deny that evidentiary support exists for the claims set forth in the CAC.  Defendants deny each and every allegation in the CAC except as expressly admitted herein.

1.      Defendants admit only that Plaintiffs purport to bring this action on behalf of the Funds identified in Paragraph 1 as a derivative action pursuant to Sections 36(b) and 12(b) of the Investment Company Act of 1940, as amended, 15 U.S.C. §§ 80a-35(b) and 80a-12(b).  Defendants deny any unlawful conduct alleged in the CAC.

2.      Admitted.

3.      Defendants admit that venue is proper in this judicial district but deny any breach of fiduciary duty or other unlawful conduct alleged in the CAC and deny that evidentiary support exists for the claims set forth in the CAC.

4.      The allegations of Paragraph 4 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 4 are denied.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.  Accordingly, said allegations are denied.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.  Accordingly, said allegations are denied.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.  Accordingly, said allegations are denied.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.  Accordingly, said allegations are denied.

9.      Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in the first two sentences of Paragraph 9.  Accordingly, said allegations are denied.  Defendants admit that the Federated Income Securities Trust is a Massachusetts business trust registered as an investment company under the Investment Company Act of 1940 and the Federated Capital Income Fund is one of its diversified portfolios.

10.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.  Accordingly, said allegations are denied.

11.      Defendants admit that the Federated Equity Funds are a Massachusetts business trust registered as an investment company under the Investment Company Act of 1940 and the Federated Kaufmann Fund is one of its diversified portfolios.

12.      Defendants admit that the Federated Income Securities Trust is a Massachusetts business trust registered as an investment company under the Investment Company Act of 1940 and the Federated Capital Income Fund is one of its diversified portfolios.

13.      Denied as stated.  Defendants state that the Federated High Income Bond Fund, Inc. is a registered investment company under the Investment Company Act of 1940.  For purposes of this Answer, references in the CAC to Federated High Income Bond Fund are treated as references to Federated High Income Bond Fund, Inc.

14.     Admitted that Federated Investors, Inc. (FII) is a Pennsylvania corporation headquartered in Pittsburgh, Pennsylvania.  Admitted that FII's principal source of revenue is investment advisory income earned by various subsidiaries of FII pursuant to investment advisory contracts with the investment products.  The remaining allegations of Paragraph 14 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 14 are denied.

15.     Denied that Federated Equity Management Company of Pennsylvania (FEMCO) is a Delaware corporation.  FEMCO is a Delaware statutory trust.  The remaining allegations of Paragraph 15 are admitted.

16.     Defendants admit the allegations of the first two sentences of Paragraph 16.  The remaining allegations of Paragraph 16 are denied.

17.     Admitted.

18.     Denied that Federated Investment Management Company (FIMCO) is a Delaware corporation.  FIMCO is a Delaware statutory trust.  Denied that Passport has delegated daily management of the Federated Capital Income Fund to FIMCO.  The remaining allegations of Paragraph 18 are admitted.

19.     Denied that Federated Advisory Services Company (FASC) is a Delaware corporation.  FASC is a Delaware statutory trust.  The remaining allegations of Paragraph 19 are denied.

20.     Denied that Federated Administrative Services (FAS) is a Delaware corporation.  FAS is a Delaware statutory trust.  The remaining allegations of Paragraph 20 are admitted.

21.     Admitted.

22.     Denied that Federated Services Company (FServC) is a Delaware business trust. FServC is a Pennsylvania corporation.  The remaining allegations of Paragraph 22 are admitted.

23.     Denied that Federated Securities Corp. (FSC) is a Delaware corporation.  FSC is a Pennsylvania corporation.  The remaining allegations of Paragraph 23 are admitted.

24.     The allegations of Paragraph 24 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations are denied as stated.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiffs as shareholders that are contained in Paragraph 25. Accordingly, said allegations are denied.  The remaining allegations of Paragraph 25 are denied.

26.     The allegations of Paragraph 26 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 26 are denied.

27.     The allegations of Paragraph 27 state a legal conclusion to which no response is required or refer to documents in writing which speak for themselves.  To the extent a response may be deemed required, the allegations contained in Paragraph 27 are denied as stated.

28.     The allegations of the first sentence of Paragraph 28 are denied.  The remaining allegations of Paragraph 28 state a legal conclusion to which no response is required.  To the extent a response to these remaining allegations may be deemed required, the allegations are denied as stated.

29.     The allegations of Paragraph 29 state a legal conclusion to which no response is required or refer to documents in writing which speak for themselves.  To the extent a response may be deemed required, the allegations contained in Paragraph 29 are denied as stated.

30.    The allegations of the first sentence of Paragraph 30 are denied.  The remaining allegations of Paragraph 30 refer to a document in writing which speaks for itself.  To the extent a response to these remaining allegations may be deemed required, the allegations are denied as stated.

31.    Denied.

32.    Denied.

33.    Denied.

34.    The allegations of the first two sentences of Paragraph 34 are denied.  Defendants state that the Federated Equity Funds and the Federated Income Securities Trust are governed by a Board of Trustees.   Defendants state that Federated High Income Bond Fund, Inc. is a registered investment company under the ICA and that it is governed by a Board of Directors. Defendants admit that Federated has a common Board which oversees approximately 130 portfolios.  The remaining allegations of Paragraph 34 are denied.

35.    Defendants admit only that the boards of directors or trustees of its funds or other entities meet several times per year and that the members of these boards are compensated for their services as disclosed in public filings.   The remaining allegations of Paragraph 35 are denied.

36.    Defendants deny the allegations of the first sentence of Paragraph 36.   The remaining allegations of Paragraph 36 refer to documents in writing which speak for themselves. To the extent a response to these remaining allegations may be deemed required, the allegations are denied.

37.    Denied.

38.     The allegations of Paragraph 38 refer to a document in writing which speaks for itself.  To the extent a response may be deemed required, the allegations contained in Paragraph 38 are denied as stated.  By way of further response, as the Securities Exchange Commission Order accepting the Federated entities' Offers of Settlement indicates, the scope of the Order is limited solely to any proceedings before the Commission, and the Federated entities neither admitted nor denied the findings contained in the Commission's Order.

39.     The allegations of Paragraph 39 refer to a document in writing which speaks for itself.  To the extent a response may be deemed required, the allegations contained in Paragraph 39 are denied as stated.

40.     Denied.

41.     Defendants deny the allegations of the first sentence of Paragraph 41.  The remaining allegations of Paragraph 41 refer to a document in writing which speaks for itself.  To the extent a response to the remaining allegations may be deemed required, the allegations are denied as stated.

42.     The allegations of the first sentence of Paragraph 42 refer to a document in writing which speaks for itself.  To the extent a response to these allegations may be deemed required, these allegations are denied as stated.  Defendants deny the remaining allegations of Paragraph 42.

43.     Defendants deny the allegations of the last sentence of Paragraph 43.  The remaining allegations of Paragraph 43 refer to documents in writing which speak for themselves.  To the extent a response to these remaining allegations may be deemed required, the allegations are denied as stated.  By way of further response, as the Securities Exchange Commission Order

accepting the Federated entities' Offers of Settlement indicates, the scope of the Order is limited solely to any proceedings before the Commission, and the Federated entities neither admitted nor denied the findings contained in the Commission's Order.

44.     Denied.

45.     Denied.

46.     Denied.

47.     The allegations of Paragraph 47 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 47 are denied, and it is further denied that Plaintiffs are entitled to any of the relief requested in Paragraph 47.

48.     The allegations of Paragraph 48 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 48 are denied.

49.     The allegations of Paragraph 49 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 49 are denied.

50.     The allegations of Paragraph 50 state a legal conclusion to which no response is required or refer to a document in writing which speaks for itself.  To the extent a response may be deemed required, the allegations contained in Paragraph 50 are denied.

51.     Defendants admit only that FEMCO receives an annual investment advisory fee based on the Federated Kaufmann Fund's average daily net assets, that Passport receives an annual investment advisory fee based on the Federated Capital Fund's average daily net assets

and that FIMCO receives an annual investment advisory fee based on the Federated High Income Bund Fund's average daily net assets, in each case as disclosed in public filings with the SEC and subject to waiver and reimbursement by the relevant investment adviser.  The remaining allegations of Paragraph 51 are denied.

52. Denied.

53. Denied.

54. Denied.

55. Defendants admit that the Funds pay administrative fees for certain services.  The remaining allegations of Paragraph 55 are denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Defendants admit only that FSC is paid a distribution fee based on the average net assets of certain classes of the Funds.  The remaining allegations of Paragraph 60 are denied.

61. The allegations of Paragraph 61 state a legal conclusion to which no response is required or refer to documents in writing which speak for themselves.  To the extent a response may be deemed required, the allegations contained in Paragraph 61 are denied as stated.

62. Defendants deny the allegations of the first sentence of Paragraph 62.  The remaining allegations of Paragraph 62 state a legal conclusion to which no response is required

or refer to documents in writing which speak for themselves.  To the extent a response to these remaining allegations may be deemed required, the allegations are denied.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of Paragraph 63. Accordingly, those allegations are denied.  Defendants deny the remaining allegations of Paragraph 63.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     The allegations of Paragraph 68 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 68 are denied.

69.     The allegations of Paragraph 69 refer to documents in writing which speak for themselves.  To the extent a response may be deemed required, the allegations contained in Paragraph 69 are denied.

70.     The allegations of the first two sentences of Paragraph 70 refer to documents in writing which speak for themselves.  To the extent a response to these allegations may be deemed required, the allegations are denied.  Defendants deny the remaining allegations of Paragraph 70.

71.     The allegations of Paragraph 71 state a legal conclusion to which no response is required or refer to documents in writing which speak for themselves.  To the extent a response may be deemed required, the allegations contained in Paragraph 71 are denied.

72.     The allegations of Paragraph 72 state a legal conclusion to which no response is required.   To the extent a response may be deemed required, the allegations contained in Paragraph 72 are denied.

73.     Defendants admit only that a fund's investment adviser receives an annual investment adviser fee based on a percentage of the fund's average daily net assets in each case as disclosed in public filings with the SEC and subject to waiver and reimbursement by the relevant investment adviser.   The remaining allegations of Paragraph 73 are denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     The allegations of Paragraph 81 state a legal conclusion to which no response is required or refer to documents in writing which speak for themselves.   To the extent a response may be deemed required, the allegations contained in Paragraph 81 are denied.

82.     The allegations of Paragraph 82 state a legal conclusion to which no response is required.   To the extent a response may be deemed required, the allegations contained in Paragraph 82 are denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     The allegations of Paragraph 91 refer to documents in writing which speak for themselves.   To the extent a response may be deemed required, the allegations contained in Paragraph 91 are denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100.  Accordingly, said allegations are denied.

101.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101.  Accordingly, said allegations are denied.

102.     Denied.

103.     Denied.

104.     Denied.

105.     Denied.

106.     Denied.

107.     Denied.

108.     Denied.

109.     Denied.

110.     Denied.

111.     Denied.

112.     Denied.

113.     Denied.

114.     Denied.

115.     Defendants admit that the independent Board of the Funds approves the fees paid by the Funds to the Defendants.  Defendants admit that Federated has a common Board which oversees approximately 130 portfolios.  Defendants admit that a majority of the Board is comprised of statutorily presumed disinterested trustees or directors.  Defendants deny the allegations of the last sentence of Paragraph 115.  The remaining allegations of Paragraph 115

state a legal conclusion to which no response is required or refer to documents in writing that speak for themselves. To the extent a response may be deemed required, Defendants deny the remaining allegations of Paragraph 115.

116.    Denied.

117.    Denied that Defendants adopt 12b-1 plans for mutual funds. The remaining allegations of Paragraph 117 state a legal conclusion or refer to documents in writing which speak for themselves. To the extent a response may be deemed required, the allegations contained in Paragraph 117 are denied.

118.    Defendants deny the allegations of the first sentence of Paragraph 118. The remaining allegations of Paragraph 118 refer to documents in writing which speak for themselves. To the extent a response to these remaining allegations may be deemed required, the allegations are denied.

119.    Denied.

120.    Denied.

121.    Admitted only that Federated has a common Board which oversees approximately 40 mutual funds comprised of approximately 130 mutual portfolios. The remaining allegations of Paragraph 121 are denied.

122.    Denied.

123.    The allegations of Paragraph 123 state a legal conclusion to which no response is required or refer to documents in writing which speak for themselves. To the extent a response may be deemed required, the allegations contained in Paragraph 123 are denied.

124.     The allegations of Paragraph 124 state a legal conclusion to which no response is required or refer to documents in writing which speak for themselves.  To the extent a response may be deemed required, the allegations contained in Paragraph 124 are denied as stated.

125.     Defendants deny the allegations of the second sentence of Paragraph 125.  The remaining allegations of Paragraph 125 state a legal conclusion to which no response is required or refer to documents in writing which speak for themselves.  To the extent a response to these allegations may be deemed required, the allegations are denied as stated.

126.     Denied.

127.     Denied.

128.     Denied.

129.     Denied.

## Count I

130.     Defendants incorporate by reference all paragraphs of this Answer as if fully set forth herein.

131.     The allegations of Paragraph 131 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 131 are denied.

132.     The allegations of Paragraph 132 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 132 are denied.

133.    The allegations of Paragraph 133 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 133 are denied.

134.    The allegations of Paragraph 134 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 134 are denied and Defendants further deny that Plaintiffs are entitled to the relief sought.

## Count II

135.    Defendants incorporate by reference all paragraphs of this Answer as if fully set forth herein

136.    The allegations of Paragraph 136 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 136 are denied.

137.    The allegations of Paragraph 137 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 137 are denied.

138.    The allegations of Paragraph 138 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 138 are denied and Defendants further deny that Plaintiffs are entitled to the relief sought.

## **Count III**

139.    Defendants incorporate by reference all paragraphs of this Answer as if fully set forth herein

140.    The allegations of Paragraph 140 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 140 are denied.

141.    The allegations of Paragraph 141 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 141 are denied.

142.    The allegations of Paragraph 142 state a legal conclusion to which no response is required.  To the extent a response may be deemed required, the allegations contained in Paragraph 142 are denied and Defendants further deny that Plaintiffs are entitled to the relief sought.

The "WHEREFORE" clause following Paragraph 142 contains no factual averments to which a response is required.  To the extent a response may be deemed required, Defendants deny that Plaintiffs are entitled to the relief sought therein.  Defendants respectfully request that this Court enter judgment in their favor and against Plaintiffs on all claims and award such other and further relief to Defendants as this Court may deem just and proper.

**<u>AFFIRMATIVE DEFENSES</u>**

Without undertaking any burden of proof where such burden does not otherwise reside with the Defendants, as separate and distinct defenses to the causes of action asserted in the CAC, the Defendants assert and allege as follows:

<u>First Defense</u>

The CAC fails to state a claim upon which relief can be granted.

<u>Second Defense</u>

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

<u>Third Defense</u>

Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or ratification.

<u>Fourth Defense</u>

Plaintiffs have not suffered any legally cognizable losses or damages from their purported investments in the Federated funds.

<u>Fifth Defense</u>

Any injury sustained by Plaintiffs on behalf of the Federated funds was not directly or proximately caused by the alleged breach of fiduciary duty as set forth in the CAC.

<u>Sixth Defense</u>

At the time Plaintiffs purportedly first became shareholders of the funds, they were or should have been aware that an advisory fee schedule had been approved by a majority of the Board of Directors of the Federated funds.  Plaintiffs were fully informed of all material facts concerning the level and calculation of the Federated fund advisers' compensation and

knowingly entered into the investment(s).  On this basis, Plaintiffs are estopped and precluded from maintaining this action on behalf of the Federated funds.

Seventh Defense

The Defendants acted at all times and in all respects in good faith and with due care.

Eighth Defense

The Directors of the Federated funds exercised good faith business judgment in approving the investment management agreements in effect at the time Plaintiffs purportedly became shareholders, and in subsequently approving renewals of the investment management agreements, including the advisory fee schedules.

Ninth Defense

The Directors of the Federated funds exercised good faith business judgment in approving the distribution plans in effect at the time Plaintiffs purportedly became shareholders, and in subsequently approving renewals of the distribution plans, including the 12b-1 fee schedules.

Tenth Defense

Some or all of the Plaintiffs lack standing to bring the claims asserted in the CAC.

Eleventh Defense

Plaintiffs are not entitled to a trial by jury.

Twelfth Defense

A majority of the shareholders of one or more Funds (including one or more of the Plaintiffs) voted in favor of transactions in which the amount of fees that Defendants would

receive from those transactions were fully disclosed and are thus estopped from asserting that such fees were excessive or a breach of fiduciary duty.

Thirteenth Defense

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserve all rights to assert such defenses.

Dated:  March 3, 2006

Respectfully submitted,

REED SMITH LLP

By: ___s/  Perry A. Napolitano_____
    Thomas L. Allen, PA 33243
    Perry A. Napolitano, PA 56789
    Joseph E. Culleiton, PA 82823
    P. Gavin Eastgate, PA 86061

    435 Sixth Avenue
    Pittsburgh, PA 15219
    Telephone:  (412) 288-3131
    Facsimile: (412) 288-3063
    tallen@reedsmith.com
    pnapolitano@reedsmith.com
    jculleiton@reedsmith.com
    geastgate@reedsmith.com

    *Attorneys for Defendants Federated Equity Management Company of Pennsylvania, Federated Securities Corp., Federated Advisory Services Company, Federated Administrative Services, Federated Shareholder Services Company, Federated Services Company, Federated Global Investment Management Corp., Passport Research II, Ltd., Passport Research I, Ltd., Federated Investment Management Company, and Federated Investors, Inc.*